COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

JAMES LEE SWEED,

§

Appellant,                                    No. 08-07-00132-CV

§

v.                                                     Appeal from

§

JAY L. NYE, JAIME ESPARZA,                120th District Court
DISTRICT ATTORNEY OF EL PASO
COUNTY, TEXAS, EL PASO COUNTY    §
DISTRICT ATTORNEYS OFFICE,            of El Paso County, Texas
THE STATE OF TEXAS, and                    §
THE ATTORNEY GENERAL OFFICE       §    (TC # 2005-5667)
OF THE STATE OF TEXAS,

§

Appellees.

## MEMORANDUM OPINION

James Lee Sweed, appearing *pro se*, filed suit in district court but the case was dismissed for want of prosecution. Although Sweed has appealed, we must dismiss the appeal for want of jurisdiction.

### FACTUAL SUMMARY

On August 12, 2005, Sweed filed suit against Jay L. Nye, District Attorney Jaime Esparza, the Office of the District Attorney, the State of Texas, and the Texas Attorney General. In his petition, Sweed listed his address as 5121 Danny Drive, El Paso, Texas 79924. On August 31, 2006, he filed a letter with the District Clerk advising a change of address to El Paso County Jail Annex, 12501 Montana, El Paso, Texas 79938. On October 24, 2006, Sweed filed a motion for summary judgment listing as his address the El Paso County Jail, P.O. Box 125, El Paso, Texas 79901. The

district court set a status conference for October 30, and sent notice to Sweed at the Danny Drive address. The notice was returned as not deliverable. On October 31, the court set the State defendants' motion to dismiss for want of prosecution for hearing on November 6. Again notice was sent to the Danny Drive address and returned as unclaimed. On November 6, the district court dismissed the suit for want of prosecution. Two days later, the District Clerk sent Sweed notice of the dismissal at12501 Montana, County Jail Annex, El Paso, Texas 79938. Sweed filed notice of appeal on April 24, 2007. In response to a letter from this court, Sweed filed notice of restricted appeal on May 21, 2007.

## NOTICE OF APPEAL

In civil cases, a party must file the notice of appeal within thirty days after the judgment is signed. TEX.R.APP.P. 26.1. The time limit is extended to ninety days if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court. TEX.R.CIV.P. 26.1(a)(1)-(4). The appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline the party files the notice of appeal in the trial court, and files a motion to extend time in the appellate court. TEX.R.APP.P. 26.3.

In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. TEX.R.APP.P. 26.1(c). The restricted appeal must state that the appellant is a party affected by the trial court's judgment but did not participate--either in person or through counsel--in the hearing that resulted in the judgment at issue. Tex.R.App.P. 25.1(d)(7)(A). The appeal must state that the appellant did not timely file either a postjudgment motion, request for

findings of fact and conclusions of law, or notice of appeal, and the appeal must be verified by the appellant if the appellant does not have counsel. TEX.R.APP.P. 25.1(d)(7)(B)-(C).

Here, the case was dismissed for want of prosecution on November 6, 2006. Official notice was forwarded to Sweed on November 8. The notice was sent to the most recent address Sweed had provided. Sweed didn't file his notice of appeal until April 24, 2007. He did not file timely, nor did he file a motion to extend time, a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law. *See* TEX.R.CIV.P. 26.1(a)(1)-(4). Sweed also missed the deadline for perfecting a restricted appeal. That notice of appeal must have been filed by May 6, 2007, but it was not filed until May 21, 2007.

We dismiss the appeal for want of jurisdiction.


April 9, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating